## LEMUEL B. GREGORY

*v.*

## ANDREW MARTIN, Admr.

1. PARTNERSHIP—*sufficiency of evidence to show.* Where two persons purchased a mill and house, which they commenced to remove, but before the removal, one of them died, it was *held*, the general declarations of the deceased that they had bought the mill in partnership, no terms of partnership being stated, did not afford satisfactory evidence of the existence of a partnership, as such declarations might well consist with there being nothing more than a tenancy in common.

2. SAME—*evidence of a settlement.* Where A and B purchased a mill and house, for which A turned in two mules, a wagon and harness, in payment for his half of the price, and then died at B's house, while the mill was being removed to B's, and at the appraisement of A's estate, B brought to the appraisers other property, and had the same appraised as A's property, agreeing that if there was any difference in favor of the estate between the property thus produced for appraisement and that which A had paid on their joint purchase, he would pay it, and if it was in his favor the estate should pay him, it was *held*, in a suit by the estate to recover the difference, that the conduct of B, in producing the property for appraisement, and statements made, might properly be considered by the jury as tending to show a settlement and promise between A and B, before A's death.

APPEAL from the Circuit Court of Wayne county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. JAMES McCARTNEY, for the appellant.

Messrs. ROBINSON, BOGGS & JOHNS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

James Martin and Lemuel B. Gregory purchased a mill at or near Iuka, in Marion county, in this State, in payment for one-half of which Martin turned in two mules, and a wagon and harness.

The mill was taken down at Iuka, and they had commenced hauling it to Gregory's place, to be put up there. While so

engaged, Martin was taken sick, and died in a few days after-
ward at Gregory's.

Andrew Martin, the appellee, was appointed administrator
of the estate of James Martin; and while the appraisement
of the estate was being made, Gregory brought to the ap-
praisers two mules, a wagon and harness, and wanted them
appraised as James Martin's property, and said if there was
any difference between them and the property James Martin
turned in on the mill, if it was in his favor the estate should
pay him, and if it was in favor of the estate he would pay it.
The property was sold with the other property belonging to
the estate of James Martin.

This suit was brought by the administrator, against Greg-
ory, to recover for the alleged difference in value between
this property and that which James Martin turned in toward
payment for the mill. The suit was originally brought before
a justice of the peace, where plaintiff recovered. Defendant
appealed to the circuit court, where there were three succes-
sive verdicts rendered against him, the last one for $75, from
the judgment whereon defendant took this appeal.

The principal ground insisted upon for the reversal of the
judgment is, that the great preponderance of the evidence
showed that there was a partnership between James Martin
and Gregory in the mill, and hence this action would not lie.
The evidence as to any partnership consisted wholly of the
respective declarations of James Martin and Gregory, and
that was conflicting, those of Gregory going to show that
there was no partnership, those of Martin that there was one.
These latter declarations of Martin were not very satisfactory
evidence of the existence of any real partnership. They
were mere general declarations that they had bought the mill
in partnership. No terms of any partnership were stated.
Such declarations might well consist with there being nothing
more than a tenancy in common between them of the prop-
erty. Nothing was done more than to make the purchase of

the mill, and to commence the removal of it to Gregory's place.

We do not think it a case where a court is called upon to disturb the finding of the jury, upon the evidence.

This instruction was given for the plaintiff:

"That even if the jury believe, from the testimony, that the deceased and the defendant were partners, yet if they further believe that such partnership was settled up, and the amount due from one partner ascertained, and a promise, expressed or implied, made to pay the same, that the estate may recover such amount."

Objection is taken to it, that it does restrict the settlement and promise named to the time *before the death of James Martin;* but there having been so little done in this mill enterprise, and as Martin being at Gregory's in his last sickness, and dying there, there might be ground of inference with the jury, from the conduct of Gregory in bringing the property before the appraisers, and his statements there made to them, that there had been such a settlement and promise between Gregory and the deceased, before his death, we can not regard the instruction here as fatally defective in the particular named.

We are of opinion the judgment should be affirmed.

*Judgment affirmed.*